IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 17-86(PG)

RECEIVED & FILED
CLERK'S OFFICE
AUG 15, 2017
US DISTRICT COURT
SAN JUAN, PR

ALLEN QUEZADA-DE LA CRUZ,
Defendant.

**PLEA AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys,

and the Defendant, Allen Quezada-de La Cruz, and his counsel, Francisco Acevedo-Padilla, and,

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they

have reached a Plea Agreement, the terms and conditions of which are as follows:

1.    **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts One and Two (the only counts in the

Indictment).

**Count One:**

On or about the December 12, 2014 in the District of Puerto Rico and within the jurisdiction

of this court,

**ALLEN QUEZADA-DE LA CRUZ,**

the defendant herein, with another person, aiding and abetting each other, by force, violence and

1

intimidation did attempt to take from the person or presence of another money belonging to and in the care, custody, control, management, and possession of the Banco Popular de Puerto Rico, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a) and 2.

**Count Two:**

On or about the December 12, 2014 in the District of Puerto Rico and within the jurisdiction of this court,

**ALLEN QUEZADA-DE LA CRUZ,**

the defendant herein, with another person, aiding and abetting each other, did knowingly brandish, carry and use a firearm of unknown brand and serial number, during an in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is attempted bank robbery, as charged in Count One of this indictment in violation of Title 18, United States Code, Sections 2113(a). All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.



For purposes of this plea agreement, defendant Quezada-de la Cruz is pleading guilty to the lesser included offense of Title 18, United States Code, Sections 924(c)(1)(A)(i).

**2. MAXIMUM PENALTIES**

**Count One:** The maximum statutory penalties for the offense charged in Count One of the Indictment are: a term of imprisonment of up to twenty years pursuant to 21 U.S.C. § 2113; a fine not to exceed $250,000 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years pursuant to 18 U.S.C. §§ 3559(a)(3) & 3583(b)(2).

**Count Two:** The maximum statutory penalties for the offense charged in Count Two of

the Indictment are: a term of imprisonment of not less than five years and up to life in prison pursuant to 18 U.S.C. § 924(c); a fine not to exceed $250,000 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years pursuant to 18 U.S.C. §§ 3559(a)(1) & 3583(b)(1).

### 3.    SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. Sections 3551-86 and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.



### 4.    SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).



### 5.    FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines.

## 6.    RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes.   Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein.  Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty.   Defendant is aware that the Court may accept or reject the Plea Agreement or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea and will remain bound to fulfill all of the obligations under this Plea Agreement.   See Fed. R. Crim. P. 11(c)(3)(B).

## 7.    APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES



Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory.   Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

**Count One:**

| SENTENCING GUIDELINES CALCULATIONS 21 U.S.C. § 2113(a) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | 20 |
| Increase under U.S.S.G. § 2B3.1(b)(1) because property of financial institution was an object of the offense | +2 |
| Increase under U.S.S.G. § 2B3.1(b)(4)(B) because of physical restraint of person to facilitate escape | +2 |
| Acceptance of Responsibility: U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **21** |

| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
|---|---|---|---|---|---|
| 37-46 months | 41-51 months | 46-57 months | 57-71 months | 70-87 months | 77-96 months |

**Count Two:**

| 18 U.S.C. § 924(c)(1)(A)(ii) | |
|---|---|
| For purposes of this agreement, defendant is pleading to the lesser included offense of 18 U.S.C. § 924(c)(1)(A)(i), which has a minimum consecutive term of imprisonment of sixty months, with a maximum of life. | **60 months (to run consecutively to the sentence imposed for Count One)** |

## 8.    SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties agree to recommend as to Count Two a sentence of imprisonment of 60 months and, as to Count One, a sentence of imprisonment at the middle of the applicable Guidelines range at a total offense level of 21, combined with defendant's Criminal History Category, to be served consecutively to Count Two.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

## 9.     NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

## 10.    WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 112 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11.    NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553— other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



## 12.    SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Francisco Acevedo-Padilla, and asserts that counsel has rendered effective legal assistance.

## 13.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea Agreement, he surrenders certain

rights as provided in this agreement.   Defendant understands that the rights of criminal defendants

include the following:

a.  If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against Defendant.  Defendant would be able to confront those witnesses, and Defendant's attorney would be able to cross-examine them.   In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify.   If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14.     **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement.   Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15.     **FIREARMS FORFEITURE**

There are no forfeiture claims.

16.     **LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant.   It does not bind any other federal district, state, or local authorities.

17.     **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel.   The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

18.     **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19.     **DISMISSAL OF REMAINING COUNTS**

There are no remaining counts to be dismissed.

## 20.   VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading

guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 8-7-17

**Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 08-07-17

**Jonathan Gottfried**
Assistant U.S. Attorney
Dated: 8/7/17

**Francisco Acevedo-Padilla**
Counsel for Defendant
Dated: August 15th/2017

**Allen Quezada-de La Cruz**
Defendant
Dated: Agosto 15' 2017

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language, and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: _____

_____
Allen Quezada-de La Cruz
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: _____

_____
Francisco Acevedo-Padilla
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Allen Quezada-de La Cruz, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18, United States Code, Section 924(c) and Title 18, United States Code, Section 2113(a).

On December 12, 2014 at around 9 AM, Allen Quezada-De La Cruz and another individual parked a gray 2002 Mitsubishi Montero (with no license plate) near the Banco Popular at De Diego Avenue #301 in San Juan. Banco Popular was and is a bank whose deposits have been insured by the Federal Deposit Insurance Corporation. Bank surveillance footage shows two men departing the Montero in masks. The driver was carrying a shotgun, while the passenger was carrying a black bag.

Quezada-De La Cruz and his colleague entered the Banco Popular, ordered customers and employees to the ground, and then walked to the teller counter.

Armed and uniformed PRPD officers were in the Banco Popular conducting personal bank transactions. Upon seeing the armed subjects enter the bank, the PRPD officers drew their weapons and announced their presence. The driver pointed his gun at them, while the passenger leaped onto the counter with the black bag, searching for money.

The driver grabbed a customer from the ground, pointed his gun at him and threatened him while exchanging words with the PRPD officers.

The passenger then fled through the front entrance, followed by the driver (still brandishing the gun). The PRPD officers chased the subjects back to the 2002 Mitsubishi Montero; but the subjects fled in the car.

Shortly after the bank robbery, PRPD officers located a 2002 Mitsubishi Montero (with no license plate) approximately 1 kilometer south of the Banco Popular at De Diego Avenue. Neighbors said that they had heard a gunshot from the car and had seen two males leave the car. The car was registered to Quezada-De La Cruz. His residence was located approximately ¼ mile from where the car was abandoned.

Inside the car, agents found a spent shotgun casing, clothes consistent with those worn by the bank robbers, and a cell phone belonging to Quezada-De La Cruz. Two photos on the phone from that same day show a shotgun. An outgoing text message shortly before the robbery on December 12 stated: "I'm calling you because I might never see you again."

At trial, the United States would have proven beyond a reasonable doubt that defendant is guilty as charged in Counts One and Two of the operative Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of PRPD and federal agents, the cell phone of Quezada-De La Cruz, forensic evidence from his car, surveillance footage from the bank, testimony of victims who were present in the bank, expert and other witnesses, photographs, documents, and other physical evidence.

Discovery was timely made available to defendant for review.

A.Q.D

_____
**Jonathan Gottfried**
Assistant United States Attorney
Dated: _____8/7/17_____

_____
**Francisco Acevedo-Padilla**
Counsel for Defendant
Dated: August 15th/2017

_____
**Allen Quezada-de La Cruz**
Defendant
Dated: Agosto 15 '2017

12